**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BTG180, LLC, et al.,

Plaintiff(s),

v.

FUN CLUB USA, INC., et al.,

Defendant(s).

2:14-CV-188 JCM (NJK)

**ORDER**

Presently before the court is plaintiffs BTG180, LLC's and Randall Jeffers' motion for leave to amend complaint and for joinder of an additional defendant. (Doc. # 12). Defendants Fun Club USA, Inc., Robert Craddock, and Sylvia Salgado Craddock filed a response in opposition (doc. # 13) and plaintiffs filed a reply (doc. # 16).

Defendants' opposition included a counter-motion to dismiss and compel arbitration. (Doc. # 14). Plaintiffs' reply also responded to defendants' counter-motion. (Doc. # 16).

**I. Background**

Plaintiff BTG180 is a multi-level marketing network. (Doc. # 1 at p. 14).

Plaintiffs filed this action on February 5, 2014, alleging several claims against defendants: (1) cybersquatting, (2) trademark infringement (violations of both state law and common law), (3) wrongful use of computer, (4) misappropriation of trade secret (violations of both state law and common law), (5) wrongful interference with economic relations, (6) breach of contract, (7) unjust enrichment, and (8) defamation. (Doc. # 1 at p. 1). Plaintiffs also assert piercing the corporate veil

or alter ego as theories of liability. (Doc. # 1 at p. 1).

Plaintiff BTG180 entered into a contract with defendants Robert Craddock and Fun Club USA relating to marketing services. (Doc. # 1 at p. 3). The contract contained an arbitration clause that stated: "Any disputes hereunder shall be subject to binding arbitration under the rules of the American Arbitration Association." (Doc. # 14 at p. 12).

The court will address defendants' counter-motion to dismiss and compel arbitration before addressing plaintiffs' motion to amend.

## II. Counter-Motion to Dismiss and Compel Arbitration

### *A. Legal Standard*

Section 2 of the Federal Arbitration Act ("FAA") provides that:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. "In enacting § 2 of the federal Act, Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984). Courts shall place arbitration agreements "upon the same footing as other contracts." *Volt Info. Sciences, Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989).

Additionally, § 3 of the FAA permits a court to stay an action while the parties proceed to arbitration. 9 U.S.C § 3. "Despite the mandatory language, the Ninth Circuit has interpreted this provision to allow dismissal of the action in certain circumstances." *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1299 (D. Nev. 2003).

Finally, § 4 of the FAA states that "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

. . .

*B. Discussion*

Defendants argue that the arbitration clause in the contract between BTG180 and Fun Club USA should be enforced and that the entire complaint should be stayed and arbitration compelled. (Doc. # 14 at p. 5). Plaintiffs contest the applicability of the clause on two grounds. (Doc. # 16 at p. 4). First, plaintiffs argue that not all claims in the complaint arise under the arbitration clause of the contract. (Doc. # 16 at p. 4). Second, plaintiffs argue that the contract was only between BTG180 and Fun Club USA and so does not bind all plaintiffs or all defendants to arbitration of disputes. (Doc. # 16 at p. 4).

The Ninth Circuit has interpreted the phrase "arising hereunder" as relatively narrow compared to other phrases appearing in arbitration clauses. *Mediterranean Enter.*, 708 F.2d at 1464. Such an arbitration clause restricts arbitration to matters relating to interpretation and performance under the contract. *Id.* On the other hand the phrase "arising out of or relating to this agreement" is considered a "broad arbitration clause." *Id.* (citations omitted).

The court finds that the language–from the present contract–"[a]ll disputes hereunder" is similar to that of "arising hereunder." The clause is therefore relatively narrow and does not imply that any dispute tangentially related to the contract must be resolved through arbitration. Therefore, the contract calls only for arbitration of disputes relating to interpretation of the contract and performance under the contract.

Plaintiffs assert that the individual defendants in this case were not signatories to the arbitration agreement, and therefore the claims against them are not subject to mandatory arbitration. However, the named individual defendants were agents of the corporate defendants, and were thus bound by the arbitration agreements. *See Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006). It would thwart the purpose of the Federal Arbitration Act if parties could renege on a promise to resolve claims through arbitration simply by naming individuals as defendants instead of a corporation with which they contracted. Accordingly, the court finds that defendants Craddock and Salgado Craddock were subject to the arbitration agreement.

. . .

Therefore, defendants' counter-motion to compel arbitration will be granted as to plaintiffs' claims for breach of contract and unjust enrichment, which both relate to performance under the contract. The motion will be denied as to the remaining claims, which fall outside the scope of the arbitration agreement.

## III. Motion to Amend

### *A. Legal Standard*

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, 371 U.S. 178 (1962), the Court explained: "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182. The local rules of federal practice in the District of Nevada require that a party submit a proposed, amended pleading along with a motion to amend. D. Nev. R. 15-1(a).

Rule 16(b) provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). If the moving party demonstrates good cause under Rule 16(b), then it must then establish that the proposed amendment is permissible under the factors germane to Rule 15. *Id.* "[T]he existence or degree of prejudice to the party opposing the modification" may supply "additional reasons to deny" a request for leave to amend, but "the focus of the inquiry is upon the moving party's reason for seeking modification. If that party was not diligent, the inquiry should end." *Id.*

### *B. Discussion*

Defendants' only argument in opposition to the motion to amend is that the joinder of the additional defendant is requested in order to "defeat the jurisdiction of the arbitration agreement." (Doc. # 13 at p. 2). It is not apparent to the court how the amendment would change the foregoing

analysis of the arbitration agreement.

Therefore plaintiffs' motion to amend the complaint and for joinder of additional defendants will be granted.

**IV. Conclusion**

Plaintiffs' motion to amend the complaint and for joinder of additional defendants is granted.

Defendants' counter-motion to dismiss and compel arbitration is granted regarding the breach of contract and unjust enrichment claims. Defendants' counter-motion is denied regarding all other claims.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion to amend (doc. # 12) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motion to dismiss and compel arbitration (doc. # 14) is GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that defendants' motion to dismiss and compel arbitration (doc. # 15) is DENIED as duplicative.

IT IS FURTHER ORDERED that plaintiffs file the proposed, amended complaint within seven days of the entry of this order.

DATED June 27, 2014.

James C. Mahan

**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge