UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BTG180, LLC, et al., | Case No. 2:14-CV-188 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| FUN CLUB USA, INC., et al., | |
| Defendant(s). | |

Presently before the court is defendant Theodore F. Zentner's (hereinafter "defendant") motion to dismiss plaintiff's first amended complaint. (Doc. # 45). Plaintiffs BTG180, LLC and Randall Jeffers (hereinafter "plaintiffs") filed a response. (Doc. # 49). Defendant did not file a reply and the deadline to reply has now passed.

**I.    Background**

Plaintiff BTG180, LLC ("BTG180") is a Nevada network marketing company. (Doc. # 27). Plaintiff Randall Jeffers is the founder and CEO of BTG180. (Doc. # 27). Defendant Fun Club USA, Inc. ("Fun Club") is a Florida corporation owned by defendants Robert and Sylvia Craddock. (Doc. # 27). Defendant Zentner is a business associate of Robert and Sylvia Craddock. (Doc. # 27). All individual defendants reside in Florida. (Doc. # 27).

On or about August 12, 2013, BTG180 entered into a contract with Robert Craddock ("Craddock") and Fun Club. (Doc. # 27). Craddock and Fun Club agreed to perform marketing services for BTG180, and the parties drafted an unsigned written contract. (Doc. # 27).

In reliance on the terms of the writing, BTG180 paid Craddock and Fun Club $50,000 for their services. (Doc. # 27). Craddock and Fun Club thereafter failed to perform the marketing services and began contacting BTG180 affiliates with false information. (Doc. # 27). On or

**James C. Mahan**
**U.S. District Judge**

about December 11, 2013, defendants set up a website called *BTGlegal.com*, on which they stated false information about BTG180 and its owners. (Doc. # 27).

Through their emails and website, defendants accused plaintiffs of perpetrating a Ponzi scheme, stated that plaintiffs were under investigation, alleged that plaintiffs had criminal records, and accused them of perpetrating fraud. (Doc. # 49). Defendants asked plaintiffs' affiliates for donations to support legal action against plaintiffs. The website referenced defendant Zentner as a contact person and attorney affiliated with the case. (Doc. # 49).

On February 5, 2014, plaintiffs filed the instant action asserting claims for cybersquatting, trademark infringement, wrongful use of computer, misappropriation, wrongful interference with economic relations, breach of contract, unjust enrichment, defamation, and alter ego. (Doc. # 1). On July 3, 2014, plaintiffs filed their first amended complaint, adding defendant Zentner as a party. (Doc. # 27).

Defendant now moves to dismiss plaintiff's first amended complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1404(a). (Doc. # 45).

**II.  Legal Standard**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). A party may assert the defense of improper venue by motion. Fed. R. Civ. P. 12(b)(3).

A district court's decision on whether to transfer a case requires the court to conduct a case specific "consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

In considering a motion to transfer venue under § 1404(a), the court may weigh a number of factors, including:

(1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of

James C. Mahan
U.S. District Judge

- 2 -

forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and, (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498-99.

Once a defendant moves to dismiss, it is the plaintiff's burden to establish that venue is properly in this district. *Nat'l Fitness Co. v. Procore Labs., LLC*, 2:10-cv-2168-JCM (RJJ), 2011 WL 2463296, *1 (D. Nev. June 20, 2011) (*citing Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)). Venue in a civil action is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . ." 28 U.S.C. § 1391(b).

### III. Discussion

Defendant resides in the Northern District of Florida. (Doc. # 45). He states that he has only been to Nevada once in his life, has never conducted business here, and has no ties here. (Doc. # 45). He also claims that any witnesses and evidence he may need for this case are located in Florida. (Doc. # 45). Further, defendant states that he is 68 years old and scheduled for several major surgeries during the next six months, making it difficult for him to work and travel. (Doc. # 45).

Plaintiffs argue that their choice of venue is appropriate because "Nevada is the judicial district in which a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred, and a significant amount of the harm incurred by Plaintiffs has and/or is likely to occur in this district." (Doc. # 49). Plaintiffs note that "all of Plaintiffs' employees, principals, computer systems, digital files, and physical records are maintained" in Nevada, and that "all or nearly all of the non-party witnesses that Plaintiff may require in this action are either located in Nevada, or are spread out elsewhere throughout the country . . . ." (Doc. # 49).

. . .

. . .

James C. Mahan
U.S. District Judge

1    To demonstrate that venue is proper in Nevada, plaintiffs also state the following facts: (1) the parties entered into an agreement in Nevada; (2) plaintiffs are all located in the state of Nevada; (3) defendants knew or should have known that any litigation involving the parties would be brought in Nevada; (4) defendants specifically engaged in wrongful conduct designed to injure plaintiffs in Nevada; and (5) defendants operated a website accessible by plaintiffs' clients and sent emails to plaintiff's affiliates, many of whom are likely residents of Nevada. (Doc. # 49).

Plaintiffs note that on the website at issue, defendant "personally was identified as an attorney associated with the Craddock Defendants and Defendant Fun Club and as a person to contact regarding the legal action against Plaintiffs." (Doc. # 49).

Plaintiffs further argue that Nevada law applies to the instant case based on a choice of law provision in the parties' agreement stating that the contract "shall be construed, interpreted and enforced in accordance with the laws of the State of Nevada." (Doc. # 49). While the parties never signed the agreement, both plaintiffs and defendants acknowledge that its terms and conditions are applicable. (Docs. # 15, 27). On June 27, 2014, the court partially granted defendants' motion to compel arbitration based on the agreement's arbitration provision. (Doc. # 26).

Pursuant to the foregoing legal standard, the court may consider the location where any relevant agreements were negotiated and executed. The court may also weigh plaintiffs' choice of forum and the parties' contacts with that forum. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). Plaintiffs also note that a forum selection clause is a "significant factor" in § 1404(a) analysis. *See id.*

Having considered plaintiffs' complaint and the parties' filings, the court finds it appropriate to preserve plaintiffs' choice of venue in the instant case. Defendant's arguments are not sufficiently compelling to warrant transfer of this action to another district. Defendant fails to meet the burden of making "a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

**James C. Mahan**
**U.S. District Judge**

Defendant's motion does not provide evidence that plaintiffs are in any way connected to Florida or that any of the acts at issue in the case occurred there. Further, plaintiffs' complaint alleges substantial conduct by the other defendants in the case that took place in Nevada. (Doc. # 27). While defendant Zentner was not a party to the consulting agreement, the agreement's choice of law provision further supports venue in this district.

For the foregoing reasons, the motion to dismiss will be denied.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss, (doc. # 45), be, and the same hereby is, DENIED.

DATED December 8, 2014.

_James C. Mahan_
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**