# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BTG180, LLC, et al., ) <br>                Plaintiff(s), ) <br> vs. ) <br> FUN CLUB USA, INC., et al., ) <br>                Defendant(s). ) | Case No. 2:14-cv-00188-JCM-NJK <br><br> REPORT AND RECOMMENDATION |

On September 17, 2014, the Court ordered Defendant Fun Club USA, Inc. to retain counsel and have that counsel enter a notice of appearance by October 3, 2014. Docket No. 38. To date, Defendant Fun Club USA, Inc. has failed to comply. The Court further ordered Defendants Robert and Silvia Craddock to have any newly retained counsel file a notice of appearance or file a notice that they intend to proceed *pro se* by October 3, 2014. To date, Defendants Robert and Silvia Craddock have failed to comply.

As a result, on February 29, 2016, the Court ordered Defendants Fun Club USA, Inc., Robert Craddock, and Silvia Craddock to show cause in writing, no later than March 14, 2016, why default judgment should not be entered against them for their failure to comply with the above order. Docket No. 57. To date, Defendants Fun Club USA, Inc., Robert Craddock, and Silvia Craddock have failed to respond to that order to show cause.

The willful failure of Defendants Fun Club USA, Inc., Robert Craddock, and Silvia Craddock to comply with the Court's orders is an abusive litigation practice that has interfered with the Court's

ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's Orders and the orderly administration of justice. Sanctions less drastic than default judgment are unavailable because Defendants Fun Club USA, Inc., Robert Craddock, and Silvia Craddock have willfully refused to comply with the Court's Orders. Indeed, as to Defendant Fun Club USA in particular, the Ninth Circuit has held that case-dispositive sanctions are appropriate for a corporation's failure to retain counsel for the duration of the litigation since corporations may not appear in federal court without licensed counsel. *See United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993).

Accordingly, in light of the circumstances outlined above, the undersigned recommends that default judgment be entered on Plaintiffs' claims against Defendants Fun Club USA, Inc., Robert Craddock, and Silvia Craddock.

DATED: March 28, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).